```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          OCALA DIVISION
```

SONNY AUSTIN RAMDEO,

        Plaintiff,

v.                                      Case No. 5:18-cv-131-Oc-39PRL

UNITED STATES OF AMERICA,
et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Sonny Austin Ramdeo initiated this action on March 19, 2018, by filing a pro se "Emergency Complaint for Review of a Final Agency Decision, Injunction and Declaratory Judgment" under 28 U.S.C. § 2241 (Doc. 1). The Court directed Ramdeo to submit a petition using the Court-approved form. See Order (Doc. 4). Ramdeo failed to timely comply, so the Court issued an order to show cause why the case should not be dismissed. See Order (Doc. 5). Ramdeo responded to the order to show cause, clarifying that he did not intend to initiate a petition under § 2241, but rather challenged the conditions of his confinement at FCC Coleman (Doc. 6). Thus, the Court directed Ramdeo to file a civil rights complaint using the Court-approved form. See Order (Doc. 12).

After requesting an extension of the deadline, Ramdeo submitted an amended complaint on February 19, 2019 (Doc. 15), asserting purported claims under Bivens[1] and the Federal Tort Claims Act. He alleged he was placed in the special housing unit (SHU) without probable cause and, while in the SHU, was denied medication, a change of clothes, access to the law library, and the right to practice his religion. Doc. 15 at 25. Ramdeo also alleges he slipped on a wet floor injuring his head and body, though he did not require medical treatment.[2] Id. at 5, 26. Aside from a vague reference to hitting his head and suffering bruises from falling, Ramdeo asserts no physical injuries. Id.

On November 8, 2019, the Court directed Ramdeo to file a second amended complaint, specifically advising him how to cure certain deficiencies. See Order (Doc. 19; November Order).[3] Four times Ramdeo requested additional time to comply with the November Order (Docs. 22, 24, 26, 28). The Court granted each request,

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Notably, Ramdeo does not attribute this alleged injury to any named Defendant.

[3] For instance, Ramdeo attempted to assert numerous, unrelated claims, and his "shotgun" pleading approach made it difficult to decipher what allegations supported what claims. The gravamen of Ramdeo's complaint appears to be that he was placed in the SHU in January 2018, in the absence of probable cause. See Doc. 15 at 21-22. Significantly, Ramdeo does not allege the 2018 disciplinary charges were overturned. Id.

extending Ramdeo's deadline (originally November 29, 2019) by more than 180 days (through May 30, 2020). See Orders (Doc. 23, 25, 27, 29).

In its last order granting an extension, the Court informed Ramdeo this would be the final extension of time and clarified his amended complaint did not have to be typed or include citations to or analysis of legal authorities. See Order (Doc. 29). Rather, the Court emphasized Ramdeo simply had to follow the instructions on the civil rights complaint form, which the Court previously sent him, and the directives in the Court's November Order.

Ramdeo again failed to comply. Thus, the Court directed him to show cause why the case should not be dismissed. See Order (Doc. 30). The Court informed Ramdeo his failure to show "satisfactory cause" for his failure to prosecute will result in the dismissal of this case. Id. Ramdeo did not timely comply but has now submitted a fifth motion for extension of time, saying he is unable to prepare an amended complaint because of the pandemic and the Federal Bureau of Prison's "stay in place" order (Doc. 31). He does not explain why these circumstances prevent him from completing the civil rights complaint form, which he has.

Local Rule 3.10 provides, "Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the

case should not be dismissed, and <u>if no satisfactory cause is shown</u>, the case may be dismissed by the Court for want of prosecution." M.D. Fla. R. 3.10(a) (emphasis added). Ramdeo has not shown satisfactory cause for his failure to diligently prosecute this case. The Court has been more than accommodating during the pandemic, extending Ramdeo numerous extensions of time to submit a complaint using the Court-approved form. <u>See</u> Orders (Docs. 25, 27, 29).

Ramdeo does not assert he is unable to understand the Court's directives or the civil rights complaint form. In fact, Ramdeo cogently summarized the Court's directives in one of his motions for an extension of time (Doc. 22). Additionally, Ramdeo demonstrates he has access to writing materials and prison mail services as shown by his ability to draft and mail motions to the Court. Ramdeo fails to demonstrate why, over the past six months, he has been unable to complete the straightforward civil rights complaint form, which itself includes detailed instructions for pro se plaintiffs.

Accordingly, the Court concludes the dismissal of this case for Ramdeo's failure to prosecute is appropriate. The case will be dismissed without prejudice subject to Ramdeo's right to initiate

a new case by filing a civil rights complaint on the Court-approved form when he is able to do so.[4]

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice** for Plaintiff's lack of prosecution.

2. The **Clerk of Court** shall enter judgment dismissing this case, terminate any pending motions, and close the case.

---

[4] If Ramdeo chooses to re-file any viable claims, he should consider the running of the statute of limitations and the limitations on prisoner claims under Bivens and the Federal Tort Claims Act. For instance, to the extent Ramdeo primarily challenges his placement in the SHU and does not allege the disciplinary charges that landed him there were overturned, his claims likely would be barred under Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding a damages action is barred if a judgment in the plaintiff's favor "would necessarily imply the invalidity" of the underlying conviction). Additionally, to the extent Plaintiff alleges no physical injuries, his requests for compensatory and punitive damages are not cognizable. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."); 28 U.S.C. § 1346 ("No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.").

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of July 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Sonny Austin Ramdeo, #80568-053